### W. B. McGEHEE *v.* O. W. MILES ET AL.

**Courts—Jurisdiction—Transfer of Case.**
    Where the trial of exceptions to reports of settlements of the accounts of executors was transferred from the county court to the circuit court by direction of the parties, the circuit court had only the jurisdiction of the county court over the subject-matter.

**Executors and Administrators—Personal Judgment.**

Where the Court of Appeals reversed a judgment and remanded the case for correction of settlements of executors, so as to hold the executors liable for the price of a slave, it was held that such decision did not authorize a personal judgment against the executors.

APPEAL FROM FULTON CIRCUIT COURT.

February 15, 1873.

OPINION BY JUDGE HARDIN:

The original controversy between Ropen's widow and heirs and Miles and McGehee, was not a suit against the latter to recover the amount due from them as executors of A. I. Ropen, deceased, but simply the trial of exceptions to the reports of settlements of the accounts of the executors, in which, in effect, they were not charged with the price of the slave, "Link." That controversy being by agreement transferred to the circuit court, the latter tribunal, chosen by the parties themselves, had only the jurisdiction of the county court over the subject-matter.

It confirmed the reports, and this court, on appeal, reversed the judgment and remanded the case for a correction of the settlements so as to hold the executors liable for the price of Link. This did not authorize the personal judgment against the executors, which had not been sought in either court in any action. The court, therefore, transcended its jurisdiction in reducing that judgment and its action to that extent was void, it being only authorized to correct the settlements in accordance with the opinion of this court, and remand the matter to the county court, which may yet, and should be done, in order that the corrected settlements may, as such, be available to the appellees in an action against the executors. Whether or not the appellant might have maintained his action for protection and relief against the misappropriation of the money paid by Miles, as well as for adjudication of the question of relative responsibility, for the price of "Link" between him and Miles, is not now to be decided, but he was certainly entitled to have his injunction perpetuated as to the judgment and execution against him, but without prejudice to the rights of the appellees according to the former decision of this court, properly carried into effect, and when properly sought to be enforced.

Wherefore the judgment is reversed and the cause remanded for the further proceedings consistent to this opinion.

*Kingman, for appellant.*

*Randle, Tyler, for appellee.*